JACOB L. FLORANCE *v.* CHRISTOPHER ADAMS, Syndic.

The same person cannot be the agent of two contracting parties in the same transaction, where their interests are in conflict; still less can he act as such, where he has a personal interest in the matter adverse to that of one of the parties.

One acting as the agent and on behalf of a partnership, of which he is a member, cannot transfer a note to himself as the agent of a third party. The transfer of a note is a contract, requiring the concurrence of two minds.

APPEAL from the Court of Probates of New Orleans, *Bermudez,* J.

*Josephs,* for the appellant, and *Chinn,* for the syndic, submitted this case without argument.

MORPHY, J.   Jacob L. Florance complains of a judgment dismissing his opposition to a tableau of distribution, filed by the syndic of the creditors of Nathaniel Cox.   He claims $1590 24 on a promissory note drawn by one W. Hawley, to the order of John F. Smith & Co., endorsed by the latter, and by Nathaniel Cox, through John F. Smith acting as his agent.   In support of his demand Florance produced, on the trial, the note itself, a regular protest and certificate of notices to the endorsers, together with a notarial power of attorney from Cox to John F. Smith.   This instrument gives power to Smith " for him, Cox, and in his name, and *in his behalf, and to his use,* to conduct, manage, &c. his affairs, business, and concerns, *to make and endorse promissory notes in his name,* to draw money out of bank where it has been deposited in his name, to borrow money from bank on his notes, or *those of others which come into his hands for his use,* &c. &c., and, generally, to do every act touching the business or concerns of said Cox."   No evidence was offered by the syndic, but there is an admission in the record, that the body of the note sued upon, the signature of John F. Smith & Co., and that of Nathaniel Cox by John F. Smith, as endorsers, are in the handwriting of John F. Smith.   The judge below was of opinion that the estate was not bound by this endorsement, as it appeared to him " that the note sued upon was the property of Smith, and, that to enable himself to negotiate it with a broker, he endorsed N. Cox' name on it, for his own use and benefit, thereby using the name

of Cox, not in transacting Cox' business, but his own." It is said, that there is no evidence whatever, in the record, of the facts upon which the judge has based the conclusion to which he has arrived. The note shows upon its face that it was, at one time, the property of John F. Smith & Co. If so, it could not be legally transferred by John F. Smith, acting in his own right and on behalf of his firm, to John F. Smith, acting as the agent of Nathaniel Cox. There is no principle better settled than that the same person cannot be the agent of two contracting parties, in the same transaction, when their interests are in conflict; still less can he act as such, when he has in the matter a personal interest adverse to that of one of the parties. The transfer of a note is a contract, and, therefore, the making of it requires the concurrence of two minds (*aggregatio mentium*). Here there was but one natural person acting, at the same time, as transferrer and transferree. No agreement could be formed, and, therefore, no transfer took place. The note remained the property of John F. Smith & Co. The endorsement of Nathaniel Cox, put on it afterwards by John F. Smith, cannot but be considered as made for his own purposes and advantage, and not for the use and benefit of his principal, Cox. This he had clearly no right to do under his mandate. 11 Mart. 297. 6 La. 414. 15 La. 397. Story on Agency, sec. 210, *et sequentes*. It is urged that Florance is a *bona fide* holder; that no proof was given that the endorsement was not for Cox' benefit; and that we are not to presume that Smith exceeded his powers, or that Florance was aware that he had done so. From a mere inspection of the note, he must have known the true character of this endorsement. He found it placed by Cox' agent on a note belonging to the firm of which the agent was a member. He could hardly believe that this was done for the advantage and use of Cox, and in the ordinary course of the mandate.

*Judgment affirmed.*