Statement of the Case.
MONROE, C. J.
This suit was instituted on November 26, 1910, by a resident and taxpayer of ward 10, parish of Natchitoches, to annul a special election held in that ward on September 6th preceding, to take the sense of the qualified electors upon the proposition to levy a special tax of five mills for five years in aid of the public schools of the ward. Plaintiff prayed for citation of the police jury, through P. E. Prudhomme, its president, of Edgar Levy, president of the school board, and A. E. Bath, superintendent of the public schools of the parish, for a writ of injunction directed to them and to J. W. Freeman, sheriff,, ex officio tax collector, inhibiting them from collecting the tax in question from the petitioner, and for judgment decreeing the election void in so far as it may affect her property. All of the parties as thus named accepted service of the petition and order and waived service of citation and of writ of injunction, reserving all other rights. Thereafter, on April 14, 1913, Freeman and Bath, in their respective official capacities, moved to dissolve the injunction, on the ground that no legal bond had been given therefor; and the school board and police jury filed an exception of want of citation and service of petition and writ, and that no acceptance or waiver thereof had been made by any one authorized thereto. Plaintiff thereupon moved that said motion and exception be stricken out, on the ground that the motion to dissolve had been filed by parties having no real interest in the subject-matter of the litigation, that the exception had not been authorized by the school board, and that the police jury had no interest in the case and no authority to regulate or question the acts of the school board. In the alternative, and in the event the court should deny her motion to strike out, plaintiff alleged that, when the suit was instituted, the school board, through the proper officers and members, admitted that plaintiff’s contentions were well founded, and that the election complained of would be annulled; that it was then agreed that the case should not be tried during the time that the tax was to be collected; and that thereafter judgment should be rendered in favor of plaintiff, annulling the election and maintaining the injunction, so far as she was concerned. Plaintiff's motion and the motion and exception of defendants having been set down for- hearing on the same day, the court, over plaintiff’s objection, took up the motion. and exception filed by defendants and sustained them, from which ruling plaintiff appealed to this court, where that ruling was reversed and the case remanded. Chopin v. Freeman, 138 La. 423, 70 South. 421.
Upon the return of the matter to the district court (in December, 1915), citations were issued and served (on March 11, 1916) *975 upon the presidents of the school board and police jury, respectively, after which (on March 31, 1916), “without answering to the merits,” the police jury pleaded the prescription of 90 days, as running from the promulgation of the election. So far as we are able to discover, that plea was never passed on by the trial judge; but on April 19th he rendered judgment in favor of defendants, rejecting plaintiff’s demands, dissolving her injunction, and dismissing her suit, which judgment, after the denial of a motion for new trial, was signed on April 29, 1916; and the present appeal has been taken therefrom.
We find in the record a statement of facts bearing the following preface, to wit:
“The following statement of facts is agreed on between counsel representing plaintiff and defendants, and that the same is filed and the case submitted to the trial judge upon briefs to be submitted by either party within ten days, and his judgment to be rendered and filed in open court, with the right o£ appeal to either party according to law.”
Included in the statement is the admission that the minutes of the trial court of July 13, 1913, show that the default, taken on May 14, 1913, was set aside, - bill reserved by counsel for plaintiff, that the court ordered service to be made on the police jury and school board, that those bodies were cited and served on March 1, 1916, under that order.
Counsel for plaintiff has argued the merits and his brief contains no allusion to the plea of prescription. Counsel for defendant informs the court that “the plea of prescription of 90 days is therefore the sole and • only question or issue before the court at this time,” and he argues no other question.
Opinion.
[1, 2] The trial judge did not pass upon the plea of prescription, but decided the case on its merits, and, as defendants have not appealed or prayed for an amendment, this court is not at liberty to amend the judgment by converting it into a judgment maintaining that plea. On the other hand, as there was no answer or default, and hence no “joining of issue,” which “is in fact, the foundation of the suit” (C. P. art. 359; Hen. Dig. vol. 2, p. 1171, VII, Nos. 1, 2; Adler, Goldman & Siegel v. Wolff, 36 La. Ann. 175; Woolfolk v. Woolfolk, 30 La. Ann. 139) the judgment appealed from is irregular and illegal ; and it is now decreed to be null and is set aside, and the case is remanded to be proceeded with according to law, the costs of the appeal to be paid by appellant and appellees in equal proportions, all other costs to await the final judgment.
O’NIELL, J., dissents.