No. 2694

Second Circuit

LOWENTRITT v. POSEY

(Dec. 11, 1927.   Opinion and Decree.)
(Jan. 28, 1927.   Rehearing Refused.)

*(Syllabus of the Editor.)*

1. **Louisiana Digest—Bills and Notes— Par. 195, 216; Prescription—Par. 221.**

When suit is brought on a promissory note prescribed on its face and the plaintiff contends that prescription has been interrupted, the burden of proof is upon the plaintiff to establish that fact.

2. **Louisiana Digest—Bills and Notes— Par. 195, 231; Prescription—Par. 223.**

The plaintiff has not proven the interruption of prescription by acknowledgment of the debtor if there were only two witnesses, the plaintiff and defendant, whose evidence was contradictory.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Franklin. Hon. John R. McIntosh, Judge.

Action by L. Lowentritt against A. O. Posey.

There was judgment for plaintiff and defendant appealed.

Judgment reversed, plea of prescription sustained and plaintiff's suit dismissed.

Thompson & Berry, of Winnsboro, attorneys for plaintiff, appellee.

George T. Edwards, of Winnsboro, attorneys for defendant, appellant.

ODOM, J.   Plaintiff brought this suit on a promissory note which is prescribed on its face. Defendant plead prescription of five years, which was overruled by the lower court and judgment was rendered for plaintiff. Defendant appealed.

## OPINION.

The note sued on is prescribed on its face. Defendant interposed a plea of prescription of five years. On the trial of the plea defendant offered in evidence the note sued on and rested his case. Plaintiff then offered to prove that prescription had been interrupted by defendant's oral admission of the debt and promises to pay same. Defendant interposed the objection that prescription is not interrupted by oral acknowledgment. This objection was correctly overruled. See Bennett-Brewer Hardware Co. vs. Wakeman, 2 La. App. 376, and the same case 160 La. 407, 107 South. 286.

In order to establish his plea that prescription on the note had been interrupted, plaintiff called the defendant on cross-examination and interrogated him as to whether he had not on various occasions prior to the date on which the note prescribed on its face, orally acknowledged the debt and promised to pay it. He denied emphatically that he had ever done so. Plaintiff then took the stand as a witness in his own behalf and testified that defendant had acknowledged the debt and promised to pay it. But the testimony is not definite and specific as to dates and places when and where his conversations with defendant took place. He stated that he had numerous conversations with defendant and that in some of them defendant told him that he could not pay then, but would when he was able and that defendant had never denied the debt.

It is very doubtful whether plaintiff's testimony, standing alone and uncontra-

dicted, is sufficient to show interruption of prescription.

"Acknowledgment, to interrupt prescription, must be direct, specific and absolute."

Union Bank vs. Evans, 43 La. Ann. 372, 9 South. 44.

Lackey vs. MacMurdo, 9 La. Ann. 17.

Schultz vs. Houghton, 36 La. Ann. 307.

Succession of Jewell, 11 La. Ann. 83.

Ross vs. Adams, 23 La. Ann. 621.

But it is not necessary to pass upon that question, for the case is with the defendant on another ground.

When suit is brought on an instrument prescribed on its face and the plaintiff contends that prescription has been interrupted, the burden of proof is upon him to establish that fact.

In the case of Bank vs. Evans, 43 La. Ann. 372, 9 South. 44, the court said:

"The note is prescribed on its face. It devolves upon the plaintiff to take it out of the rule of prescription by proving previous acknowledgment and interruption."

See: Utz vs. Peck, 34 La. Ann. 752.

"The burden of proof rests upon the plaintiff to establish with reasonable certainty the facts essential to his recovery."

Kling vs. Masons' Fraternal Acci. Assn., 104 La. 763, 29 South. 332.

In order for the plaintiff to recover in the case at bar, it was necessary for him to show that prescription was interrupted. He failed to make that proof by a fair preponderance of the evidence. There were only two witnesses called—the plaintiff and the defendant. Plaintiff's testimony that there was an acknowledgment of and a promise to pay the debt is flatly and emphatically denied by the defendant.

Plaintiff's testimony is not corroborated by any fact or circumstance. There is no intimation or suggestion that these witnesses are not equally credible. Under such circumstances, the question as to whether there was an acknowledgment of the debt is, to say the least, in doubt.

"Where the facts are doubtful, judgment must be given against the party holding the affirmative."

Walton vs. Grant, 2 Mar. (N. S.) 494.

Bayard vs. Girard Bank, 4 Rob. 262.

Conceding, as we must, in the absence of any suggestion to the contrary, that the testimony of the two witnesses is of equal credit, we must hold that plaintiff failed to make out his case.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be reversed and now ordered that the plea of prscription be sustained and plaintiff's suit dismissed at his cost.