No. 567

First Circuit

CULLOTTA v. WASHINGTON ET AL.

(December 30, 1929. Opinion and Decree.)

Porteus R. Burke, of New Iberia, attorney for plaintiff, appellant.

L. C. Bryant, of Jeanerette, attorney for defendants, appellees.

LECHE, J. This case had previously been heard by this court and, according to the judgment which we rendered therein after the first hearing, was remanded for the purpose of receiving evidence as to whether a credit of $71.57, indorsed on the instrument sued on, was really made by defendants so as to effect an interruption of prescription. See original decree filed June 7, 1927.

The burden of proof to show an interruption, where the instrument upon which the suit is based is prescribed on its face, rests upon plaintiff.

The note was drawn and subscribed on March 20, 1919, and was made payable ten months after date, or say on January 20, 1920. The credit indorsed on the note is in the following language: "Paid on within note 1/2/25—$71.57." On its face the note became prescribed on January 21, 1925, but if the payment indorsed thereon is true and correct, such payment created an interruption and extended the time before prescription could again accrue, to January 2, 1930. This suit on the note was filed October 26, 1926, and it is therefore essential to find out whether the payment denied by the defendants was really made as evidenced by the indorsement written by plaintiff on the back of the note. A note could not be paid without the maker's consent. Even benefits, says the Supreme

Court, cannot be forced upon a person against his will. Sharpe vs. Levert, 51 La. Ann. 1249, 26 So. 100; Wood vs. Monteleone, 118 La. 1005, 43 So. 657.

Defendants deny having made the payment indorsed on the back of the note. A son-in-law of the former holder of the note testified that the credit of $71.57 arose from the proceeds of a crop turned over to his father-in-law. But defendants deny this, and claim, if we understand them well, that the proceeds of the crop were used to pay for groceries and advances, an account entirely separate and distinct from the note.

The trial judge, after hearing all the testimony, concluded that plaintiff had failed to prove the alleged interruption of prescription. We believe that his finding is correct, and his judgment is therefore affirmed.