No. 3787

Second Circuit

———

W. J. & C. SHERROUSE, LTD., v. PHENIX

———

(June 2, 1930. Opinion and Decree.)
(November 7, 1930. Rehearing Refused.)

———

Thompson & Berry, of Winnsboro, attorneys for plaintiff, appellee.

D. J. Anders, of Winnsboro, attorney for defendant, appellant.

WEBB, J. Plaintiff, holder of a promissory note drawn by defendant on December 11th, 1920, for the sum of $618.75, payable to the order of plaintiff on October 15, 1921, bearing 8 per cent per annum interest from maturity and stipulating for the payment of 10 per cent attorney's fees in event of suit, on which there appeared indorsements indicating payments to have been made on November 10, 1921, December 29, 1922, and October 26, 1923, of $168.64, $38.45 and $154.75 respectively, instituted the present suit on May 25, 1928, to recover judgment against defendant for the amount of the note, principal, interest and attorney's fees subject to credits as indicated by the indorsements on the back of the note.

Defendant answered admitting that he had executed the note in favor of plaintiff, but denied that the payments had been made, and alleged that at the time the note was given he had executed a chattel mortgage on certain property to secure the payment of the note, and that the mortgaged property, together with several bales of cotton, had been delivered to plaintiff in the fall of the year 1921, in payment of the note, and he pleaded the prescription of five years against the action on the note. On trial, judgment was rendered in favor of plaintiff, as demanded, and defendant appeals.

The evidence established that plaintiff had furnished defendant with supplies during the years 1920, 1921 and 1922, and that the note sued upon was given in settlement of a balance due on open account for the year 1920; that the indorsements appearing on the back of the note were in the handwriting of a bookkeeper of plaintiff company, who was dead at the time of the trial, and defendant's testimony was that he had delivered property to plaintiff in the fall of 1921, and was under the impression it had been accepted in payment of the note, and he especially denied that he had made any payment on the note in 1922 or 1923.

From the face of the note and record, it appears that a period of more than five years elapsed from the date of the maturity of the note to the date of suit, and unless

the current of prescription had been interrupted, the plea of prescription should have been maintained. (Art. 3540, Civ. Code.) The burden of proof was on the plaintiff to show that prescription had been interrupted (Culotta v. Washington, 12 La. App. 75, 125 So. 300; Lowentritt v. Posey, 5 La. App. 449), and while it is conceded that payments on the note would interrupt prescription, and that parol evidence is admissible to show such payments, we think the proof that the indorsements on the back of the note, indicating payments had been made on the note, were in the handwriting of the bookkeeper of plaintiff company, does not tend to establish that any such payments were made and prescription interrupted. Splane v. Daniel, 11 Rob. 449; McMasters v. Mather, 4 La. Ann. 419; Succession of Stocking, 6 La. Ann. 229; Maskell v. Pooley, 12 La. Ann. 661; Munson v. Robertson, 19 La. Ann. 170; Boulin v. Rainey, 21 La. Ann. 335. And we do not think such evidence can be considered as of any significance.

The only evidence in the record which we think can be said to tend to show that any payment was made on the note after maturity, is the allegation in defendant's answer that he had delivered property to plaintiff in the fall of 1921, and his statement in support of the allegation; but conceding that the property was delivered after the maturity of the note, or as late as the last day of the fall of 1921, and that prescription began anew on that date, a period of more than five years elapsed from that time to the date of the suit, and there is not any evidence in the record tending to show interruption of prescription after that time, and the plea of prescription should have been sustained.

However, appellee contends that should the plea of prescription be sustained, that under the evidence the note was given in settlement of a balance due on open account and he should have judgment on the account, and in support of the contention cites the rule that the admission of evidence not relevant to the issues presented extends the pleadings and authorizes the court to render judgment on the evidence submitted (Cross on Pleading, sec. 114, et seq.).

It is true that the consideration of the note was not at issue under the pleadings, but the proof that the consideration of the note was a balance due on open account, while it shows that plaintiff had a right of action against defendant on an account which could have been made the basis of a suit, and indicates that in such action, as suggested by counsel, the note may have been used to show a written acknowledgment of the account (Harman & Stringfellow v. LeGrande, 151 La. 253, 91 So. 726), does not warrant the court to consider what might be due on the account.

Had the suit been originally based on the account, or had an alternative demand been made for judgment thereon, it would have been essential for the account to have been offered in evidence, and in the action on the note, the mere proof that the consideration of the note was a balance due on open account, without the account being filed in evidence, did not extend the pleadings and authorize judgment on the account (Fisk v. Mead, 18 La. 332). It is therefore ordered that the judgment appealed from be avoided and reversed and that plaintiff's demands be rejected at its cost.