## GALLARDANNE v. LOCASCIO.
### No. 16168.

Court of Appeal of Louisiana. Orleans.
Oct. 7, 1935.

Walter W. Wright, of New Orleans, for plaintiff.

H. W. & H. M. Robinson, of New Orleans, for defendant.

LECHE, Judge.

Plaintiff, in his capacity as trustee, filed foreclosure proceedings "via executiva" against defendant on two promissory notes made and subscribed by defendant and secured by a mortgage on certain real estate. While the real estate was being advertised by the civil sheriff, defendant applied for and obtained an injunction permanently enjoining and restraining plaintiff from proceeding with the executory process filed by him. From this judgment, plaintiff in the foreclosure suit has appealed.

Plaintiff, as trustee, was the holder and owner of two certain promissory notes in the sum of $500 each, dated January 23, 1925, made and subscribed by defendant and paraphed for identification with an act of mortgage passed before Francis D. Charbonnet, notary public, on January 23, 1925, by which both of said notes are secured by mortgage upon the real estate described therein. The act of mortgage contained the pact "de non alienando" and defendant therein confessed judgment upon said notes and consented that, if they were not paid in accordance with the terms of the mortgage, the said property might be seized and sold by executory process for cash and without appraisement. The said act of mortgage was duly recorded in the mortgage office for the parish of Orleans, wherein the mortgaged property was situated.

In his petition for injunction, defendant in the foreclosure proceedings admits the execution of the notes and the act of mortgage before F. D. Charbonnet, notary public, on January 23, 1925. He alleges that he had never paid any of the interest on said mortgage notes until June 1, 1929, when he executed another mortgage note before F. D. Charbonnet, Jr., notary public, in the sum of $1,340, the new note and act of mortgage being in full settlement of the principal sum of $1,000 of the notes of January 23, 1925, and the accrued interest thereon. He further alleges that since June 1, 1929, a period of 5½ years, no part of the principal or interest has been paid and no acknowledgment of any kind has been made of the mortgage notes of January 23, 1925, and that action on them is barred by the prescription of five years.

Plaintiff, in the foreclosure proceedings, denied that no part of the interest was paid on said notes and averred that certain payments were made and that prescription was thus interrupted, and he denied any and all knowledge of any subsequent note or act of mortgage in payment of the two notes sued on. On the reverse side of each of the two $500 notes appear notations of interest paid yearly on January 23, from 1926 to and inclusive of 1933, and plaintiff testified that these notations were made by the secretary of F. D. Charbonnet, notary public, by whom the interest payments were made to him. He testi-

fied that the entry for 1933, however, was made by him at the time the interest for that year was paid. The record further discloses that plaintiff in the foreclosure proceedings had no knowledge whatsoever of the granting of a new mortgage or the cancellation of the first mortgage, and such cancellation, being made without his knowledge or consent, was fraudulent.

We are convinced that defendant in the foreclosure proceedings transacted his business from time to time with the notary public before whom these transactions were consummated, and that said notary acted in the capacity of his agent. We have no doubt that defendant acted in perfect good faith, but, having misplaced his trust, others cannot be made to suffer. Plaintiff acquired the two notes in question in his capacity as trustee and was only interested in preserving his trust and preserving the property in his care. The interest payments were made regularly, and the investment was a good one, and it was only when the payment of interest ceased that he availed himself of his rights under the mortgage and sued under executory process.

In his reasons for judgment, our learned brother below correctly stated that the notes were acquired for value and before maturity, and that if they were paid by the new note of $1,340, it was the duty of the maker to have the old notes canceled at the time payment thereof was made and he held that the plea of payment could not be sustained. Plaintiff dealt with defendant through defendant's agent, F. D. Charbonnet, Jr., who paid the interest on the notes and thereby interrupted prescription. When defendant executed the new note, it was his duty to see that the old notes were properly canceled, and this he did not do. We have no doubt that defendant in the foreclosure proceedings was the victim of a fraudulent transaction, but the equities are not on his side.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein recalling and annulling the injunction herein issued and dismissing, at his cost, the rule of plaintiff in injunction.

Reversed.