## GAILLARDANNE v. LOCASCIO.
### No. 16168

Court of Appeal of Louisiana. Orleans.

March 9, 1936.

See, also, 182 La. 539, 162 So. 69.

Walter W. Wright, of New Orleans, for appellant.

H. W. & H. M. Robinson, of New Orleans, for appellee.

WESTERFIELD, Judge.

The facts in this case are stated in our former opinion (163 So. 457), but a brief restatement is necessary here.

Locascio, who had borrowed $1,000 through Francis D. Charbonnet, a notary public in the city of New Orleans, on January 23, 1926, and executed two promissory notes of $500 each secured by mortgage upon real estate owned by him, alleging that the mortgage notes were prescribed, obtained an injunction in the Civil District Court preventing Jules A. Gaillardanne, the holder of the notes, from proceeding further with executory process, which he had instituted on the notes. Upon appeal to this court, we reversed the decision of the district court and dissolved the injunction

upon the ground that, though the notes were prescribed on their face, prescription had been interrupted by certain interest payments made by Charbonnet, whom we held to be the agent of Locascio in making these payments.

In the application for a rehearing, our attention was directed to article 2997, R.C.C. to the effect that the authority to acknowledge a debt must be "express and special." We granted a rehearing to consider the effect of this article upon the facts of this case, and, after a reconsideration of the record, we have reached the conclusion that even though Charbonnet be deemed the agent of Locascio, as we originally held, and concerning which we now have some doubt, he was not authorized as required by the codal article, expressly and specially, to make the payments of interest on the notes so as to acknowledge the debt and interrupt prescription. We were at first of the opinion that the general character of Locascio's relation with Charbonnet was such as to create an implied agency sufficient to justify the conclusion that, in making the interest payments on the notes, he was acting for Locascio, not having in mind and our attention not having been directed to the codal article requiring express and special authority to acknowledge a debt.

There is no proof that the payments of interest made by Charbonnet to Gaillardanne were made with funds supplied by Locascio, and there is no showing of any express authority in Charbonnet to act in that regard for Locascio. In W. J. & C. Sherrouse, Ltd., v. Phenix, 14 La.App. 629, 128 So. 536, it was said: "The burden of proof was on the plaintiff to show that prescription had been interrupted (Cullotta v. Washington, 12 La.App. 75, 125 So. 300; Lowentritt v. Posey, 5 La.App. 449), and while it is conceded that payments on the note would interrupt prescription, and that parol evidence is admissible to show such payments, we think the proof that the indorsements on the back of the note, indicating payments had been made on the note, were in the handwriting of the bookkeeper of plaintiff company, does not tend to establish that any such payments were made and prescription interrupted. Splane v. Daniel, 11 Rob. 449; McMasters v. Mather, 4 La.Ann. 418; Succession of Stocking, 6 La.Ann. 229; Maskell v. Poolcy, 12 La.Ann. 661; Munson v. Robertson, 19 La.Ann. 170; Boulin v. Rainey, 21 La.

Ann. 335. And we do not think such evidence can be considered as of any significance."

In Guaranty Bank & Trust Co. v. Heiderich, 163 La. 957, 113 So. 161, 164, it was held, in the original opinion, that the authority to pay a note included the authority to make payments of interest, and that, consequently, the payment of the accrued interest on the note had the effect of an acknowledgment of the debt or a new promise so as to interrupt prescription. On rehearing, however, the court reversed itself and held that the authority given a third person before maturity merely to pay a note at maturity "is not authority to pay the accrued interest thereon, or to partially pay the note after its maturity." In that case, the defendant, Heiderich, was the vice president and a large stockholder of the Boyce Lumber & Realty Company. Heiderich borrowed from the Guaranty Bank & Trust Company $6,000 for the use and benefit of the corporation, and executed his promissory note for that amount payable October 1, 1917, and secured by mortgage on certain real estate belonging to him. It was agreed that the corporation should pay the note at maturity, which was not done, but, at certain intervals the accumulated interest was paid, and at one time a payment was made on account of the principal. When sued on the note in August, 1924, Heiderich pleaded the prescription of five years, which the Supreme Court, in its first opinion, overruled upon the ground that the payments of interest made by the corporation had interrupted prescription, but on rehearing the plea was maintained and plaintiff's suit dismissed, the court saying: "In such a case as is presented here, to interrupt the prescription which began to run at the maturity of the note, it must appear that the maker, after its maturity, authorized a payment thereon. A payment without such authority is not an acknowledgment of the debt, and such an acknowledgment is necessary to interrupt prescription."

The court, in its opinion, quoted the following from the case of Webster v. Harman, 148 La. 1080, 88 So. 462, 466: "A power of attorney, authorizing an agent to sell stock, did not authorize him to give it in payment of his principal's debt; for, however much a dation en paiement may be likened to a sale by Civ.Code, arts. 2446 and 2659, there is a difference between them, in that, before a dation en paiement

can be made, the existence of a debt must be acknowledged, and the power to do this must be express and special under Civ. Code, art. 2997."

There is not the least indication in this record that express and special authority had been conferred upon Charbonnet to make the payments of interest which are relied upon to defeat the plea of prescription. The most that can be claimed relative to Charbonnet's authority is that it was general and implicit.

Locascio, on June 1, 1929, executed before Charbonnet a new note and mortgage for the sum of $1,340, his intention being to use the proceeds of this new loan to pay the Gaillardanne loan of $1,000 and to take care of the accumulated interest. The mortgage which secured the Gaillardanne notes was fraudulently cancelled by Charbonnet, but the notes were not paid, as is evidenced by their forming the basis of this litigation. It is conceded by counsel for defendant that this transaction constituted an acknowledgment of the Gaillardanne debt which interrupted prescription, but it is apparent that prescription has reaccrued, since the suit was not instituted until January 23, 1935, or more than five years after the date of this acknowledgment.

For the reasons assigned, our former decree is annulled and set aside, and it is now ordered that the judgment appealed from be, and it is now hereby, affirmed.

Original decree annulled; judgment affirmed.