### COMMERCIAL NAT. BANK IN SHREVEPORT v. HENDERSON.

### No. 5444.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1937.

Dickson & Denny, of Shreveport, for appellant.

Lee & Lee, of Shreveport, for appellee.

DREW, Judge.

In this suit, the plaintiff, as the owner of certain lands located in the parish of Vernon, state of Louisiana, acquired by it from the Commercial National Bank of Shreveport in liquidation, and by the said Commercial National Bank of Shreveport acquired from the Henderson Land, Timber & Investment Company, Inc., brought suit against W. K. Henderson, individually and as trustee, to have canceled and erased a certain mortgage and vendor's lien recorded in the mortgage records of Vernon parish, La., given by the said Henderson Land, Timber & Investment Company, Inc., covering said property to secure its two certain promissory notes in the sum of $1,512.40 each, the first due on or before one year from July 2, 1925; the second due on or before two years from said date, representing two-thirds of the purchase price of said property.

Petitioner alleged that the first note, when due, was paid and canceled upon the mortgage records, and that the second note, at its maturity date, was sent to the Commercial National Bank of Shreveport by the owner, for collection, and following notice to the Henderson Land, Timber & Investment Company, Inc., payment was received and the note stamped "paid" upon its face by a note teller of said bank, and said note delivered to an employee of the

maker or of its president, W. K. Henderson.

In the alternative, it was alleged that if said note was not paid, then it had long since prescribed under the prescription of five years, as provided in article 3540 of the Revised Civil Code; and that since the principal obligation had become extinguished by payment or by prescription, the mortgage securing same likewise was extinguished, but notwithstanding said fact, said Henderson was asserting that it was a valid obligation, and was clouding the title to said property by having the mortgage reinscribed upon the mortgage records of Vernon parish, La.

Petitioner prayed for judgment decreeing that the said note was extinguished by payment or by prescription, and with it the mortgage securing same, and for judgment decreeing said mortgage to be without force and effect, and perpetually enjoining and restraining the said Henderson, individually and as trustee, from asserting any right or privileges thereunder, and decreeing the reinscription of said mortgage to be a cloud on petitioner's title, and ordering such mortgage cancelled and erased from the mortgage records of Vernon parish, La.

Defendant first appeared and filed an exception to the jurisdiction in rem. Upon this exception being overruled, defendant filed an exception of lis pendens and upon this exception being overruled, filed an answer, admitting his claim of ownership of the second note referring to and asserting that W. K. Henderson purchased same out of trust funds held by him as trustee, as an investment for the trust estate; that the marking of said note "paid" by a note teller of the Commercial National Bank of Shreveport was contrary to instructions issued to him and said note was marked "paid" in error.

Defendant prayed that the demands of plaintiff be rejected at its costs.

Upon these issues the case was tried and resulted in a judgment for plaintiff as prayed for, and from this judgment defendant has prosecuted this appeal.

The exception to the jurisdiction filed by defendant and overruled below is not urged here and we presume it has been abandoned. However, defendant does urge here the plea of lis pendens which was overruled below. There is attached to the plea of lis pendens filed by defendant a certified copy of the petition and citation in the suit of W. K. Henderson, Trustee, v. Commercial National Bank in Shreveport, filed in the Eleventh judicial district court for Vernon parish, La., wherein W. K. Henderson, trustee, was attempting to foreclose by ordinary process on the note and mortgage which plaintiff in the present suit is attempting to have canceled for the alleged reason that it has been extinguished by payment; and, in the alternative, by the prescription of five years. It is undisputed that the causes of action involved in the two suits are the same. The sole question involved in each suit is the validity of the mortgage note and the parties to each of the suits are the same.

The suit in Vernon parish was filed on January 3, 1936, and citation and service made on defendant on January 9, 1936. The suit in Caddo parish (the one before us now) was filed on January 6, 1936, and citation and service made on defendant herein on the same day. It is therefore an undisputed fact that service and citation in the suit at bar were made on W. K. Henderson, trustee, three days before service and citation were made on the Commercial National Bank in Shreveport in the suit filed against it by W. K. Henderson, trustee, in the parish of Vernon.

Article 94 of the Code of Practice, entitled "Lis Pendens," is as follows:

"The same cause can not be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed. The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismissed in the other suit or by the other court, and to recover costs. Nevertheless, if the defendant, instead of claiming to be dismissed, should answer in the actions so brought against him, the judgment first rendered shall be valid and executory. Proceedings shall be stayed in the other suit or in the other court, as the case may be, and the plaintiff dismissed after paying the costs. (As amended, Acts 1918, No. 62.)"

The question, therefore, to determine is: In which of the two jurisdictions was the present action first brought?

Article 95 of the Code of Practice says "actions are brought before the courts by

what is termed suits." Article 359 of the Code of Practice is as follows:

"The joining of issue is in fact the foundation of the suit, as citation is that of the action; it is only after this is done that the suit begins; the parties are then in a situation to discover what evidence is necessary in support of their respective claims."

Under said article, citation is the foundation of the action, and until citation and service are had, there is no suit pending between the plaintiff and defendant. Adler Goldman & Siegel v. Wolff et al., 36 La. Ann. 169; Chopin v. Freeman, 145 La. 972, 83 So. 210; Soule v. West, 180 La. 1092, 158 So. 567.

In 38 Corpus Juris, p. 27, § 5, par. 38, we find the following general rule:

"It is now well settled, except where it is otherwise provided by statute, that no suit or action is lis pendens before the service of process, or a voluntary appearance in lieu thereof, and that the mere filing of the bill or of the complaint, is not sufficient."

Under the above-cited authorities, the suit by W. K. Henderson, trustee, filed in Vernon parish on January 3, 1936, against the plaintiff in the present suit was not, at the time of the filing of suit by plaintiff herein, upon which citation and service were made on January 6, 1936, a suit or action, and was therefore not lis pendens. Defendant's plea was properly overruled in the court below.

On the merits of the case, plaintiff pleaded payment and, in the alternative, the prescription of five years, under article 3540 of the Revised Civil Code. We are of the opinion the plea of prescription is good and will therefore limit our discussion to that defense.

■ The note involved in this case was due and payable on July 2, 1927; therefore, if prescription was not interrupted, it prescribed on July 2, 1932. The present suit was filed on January 6, 1936, some three and a half years after the prescriptive period. It is not contended that any payments were made on the note or any credits of any kind placed thereon after its due date. It was therefore prescribed upon its face.

Defendant contends prescription was interrupted from time to time by parol acknowledgment. The burden of proving the acknowledgment and interruption of

prescription is upon the defendant. Sherrouse v. Phenix, 14 La.App. 629, 128 So. 536; Stovall v. Tolar (La.App.) 172 So. 539 (not yet reported [in State Reports]); Culotta v. Washington, 12 La.App. 75, 125 So. 300; Lowentritt v. Posey, 5 La.App. 449.

The testimony offered to prove the interruption of prescription is rather unusual. The individual, W. K. Henderson, was sworn and testified that he was president of the Henderson Land, Timber & Investment Company, Inc., the maker of the note involved here; that he was also W. K. Henderson, trustee, the defendant herein; that when the note became due on July 2, 1927, W. K. Henderson, trustee, purchased the note with a check drawn against the funds of W. K. Henderson, trustee; that repeatedly since that time W. K. Henderson, president of the Henderson Land, Timber & Investment Company, Inc., had acknowledged to W. K. Henderson, trustee, not in writing or by words, but in the mind of W. K. Henderson, the individual, the president, and the trustee, that the note was a good one and would be paid, thereby interrupting prescription. There is no other testimony offered to prove acknowledgment or interruption of prescription. There are no definite dates given as to when these mental communications took place—whether it was after or before July 2, 1932, is left to our imagination.

■ If, by any method of reasoning, we can give any weight to the above line of testimony, it could not be held to be an acknowledgment such as to interrupt prescription for the reason it is not shown that the president of the Henderson Land, Timber & Investment Company, Inc., had any authority to acknowledge the debt evidenced by the note and take it out of prescription. The president of a corporation is authorized, as an agent of the corporation, and only has such powers as are given him by the charter, by-laws, or by the board of directors, and, in some instances, powers he acquires through customs and long usage, without objection from the directors or stockholders. Jeanerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 So. 780.

■ There is no evidence to justify our finding that the president derived the power to acknowledge this note from any source. Furthermore, the interest of the Henderson Land, Timber & Investment Company, Inc., was in direct conflict with

the interest of W. K. Henderson, trustee, in this instance, and under such a condition the president of the company was prohibited from acting to the disadvantage of the Land & Timber Company, as he did, and to the interest of himself, or W. K. Henderson, trustee. Thompson on Corporations (3d Ed.) vol. 2, p. 1321; Florence v. Adams, 2 Rob. 556, 38 Am.Dec. 226.

Defendant has failed to meet the burden of proving the interruption of prescription; the plea is therefore sustained, and the judgment of the lower court is affirmed, with costs.