HARDY, Judge.
This is a suit in which plaintiff seeks to recover an undivided one-half interest in community property which was allegedly fraudulently conveyed by her husband. Made defendants are.,the divorced husband, Theodore Howard, and his sister, May Ola Roberts, the named vendee in the questioned conveyance. From a judg *524 ment in favor of defendants rejecting plaintiff’s demands she has appealed. After the filing of an exception of no cause and no right of action by the defendants, plaintiff filed an amended petition. It must be assumed that this amendment cured the point to which the exception was directed, inasmuch as the record discloses no ruling on the exception, and we therefore conclude that it must be considered as having been overruled.
Minutes of the district court disclose that plaintiff’s original petition was filed September 9, 19S3 and the supplemental petition on January 15, 1954; answer of defendant, Theodore Howard, was filed March 9, 1954; the case was tried April 13, 1954; pursuant to reasons stated in a written opinion, judgment was rendered rejecting the demands of the plaintiff, on May 11, 1954, which judgment was read, signed and filed on June 18, 1954.
Plaintiff’s original petition prayed for citation upon, and judgment against, the two named defendants
“ * * * ordering that certain deed on the — day of September, 1950 be declared null and void and of no effect whatsoever in so far as petitioner is concerned, and that the said property fraudulently conveyed by said sale be decreed to be the property of Theodore Howard and your petitioner, Luciel Turner Brown Howard, in equal indi-visión; that May Ola Roberts be ordered to sign a warranty deed conveying the said property to Theodore Howard and Luciel Turner Brown Howard in equal proportions; * *
Examination of the record discloses that no answer has been filed by the defendant, May Ola Roberts, and it follows that the case has never been placed at issue with respect to the said defendant. The joining of issue is the foundation of a suit, Code of Practice Article 359, and in the absence of such joinder any judgment affecting this defendant is irregular, null and of no effect, Chopin v. Freeman, 145 La. 972, 83 So. 210; Robinson v. Enloe, 10 La.App. 435, 121 So. 320; Rector v. Allied Van Lines, La.App., 198 So. 516.
It is obvious, with respect to the instant case, that if this court should find ground for reversal of the judgment it would be powerless to grant relief in behalf of plaintiff against the defendant, May Ola Roberts, because, as above set forth, issue has not been joined with respect to this defendant, and, as a consequence, there is no foundation for plaintiff’ suit against the said defendant. It is equally apparent that any judgment against the defendant, Theodore Howard, would be ineffective in granting plaintiff adequate relief. The converse of this illustration is equally true since no valid judgment could be pronounced by this court in favor of the defendant, May Ola Roberts, and against the plaintiff.
The principle which applies to the instant case is specifically set forth in the opinion of the Supreme Court in Chopin v. Freeman, supra, [145 La. 972, 83 So. 211], as follows:
“* * * aS there was no answer or default, and hence no ‘joining of issue’ which ‘is in fact, the foundation of the suit’ * * * the judgment appealed from is irregular and illegal; and it is now decreed to be null and is set aside, and the case is remanded to be proceeded with according to law * jjc * >3
For the reasons set forth the judgment appealed from is decreed to be null, void and of no effect, and is set aside; the case is remanded to the Honorable the Second Judicial District Court in and for the Parish of Claiborne, State of Louisiana, there to be proceeded with according to law. The costs of this appeal are assessed against the appellee, and it is ordered that all other costs shall await final judgment herein.