311 So.2d 551 (1975)
Nicholas CARIDAS
v.
Donald E. DAHL.
No. 6756.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*552 Cabral & Cabral, Metairie (Harry R. Cabral, Jr., Metairie), for plaintiff-appellant.
Meunier, Martin & Meunier, New Orleans (Marcel J. Meunier, Jr., New Orleans), for defendant-appellee.
Before REDMANN, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff filed suit on July 1, 1964, on a promissory note dated January 3, 1958 payable to bearer six months after date. He alleged that payments were made on the note on June 15, August 15 and October 28, 1958, and on July 11, 1963.
Defendant answered with a plea of prescription alleging that the last payment on the note was made on October 28, 1958, but that the alleged payment in 1963 was not made by him or anyone authorized to do so on his behalf.
Trial in February, 1974, consisted of the testimony of plaintiff and defendant along with Lucien J. Fourcade, an attorney at law.
Fourcade testified that in 1963 he had been employed by plaintiff to collect the note and at the same time had been representing defendant in another matter, in connection with which he collected some funds for defendant's account; he suggested to defendant that $1,000 be taken from these funds and applied to plaintiff's note; he was authorized to do so and made a notation on the face of the note that $1,000 had been paid with $850 applied to principal and $150 to attorney's fees; shortly thereafter defendant complained that had it not been for the payment prescription would have run on the note but Fourcade insisted that he would not have made the payment had he not been authorized to do so. However, Fourcade had no records or cancelled checks in connection with the transaction.
Defendant, on the other hand, flatly denied that he had ever authorized Fourcade to make a payment in his behalf.
In maintaining the plea of prescription the trial judge gave the following reasons for judgment:
"Plaintiff had the burden of proving that a payment, authorized by the debtor, interrupted prescription on the note. The undisputed fact is that the note had been placed with Mr. Fourcade for collection by one client (Caridas) against another client (Dahl). Mr. Fourcade came into possession of funds belonging to Dahl, but kept by Mr. Fourcade. Mr. Fourcade applied some part of the funds to the note. Mr. Fourcade was understandably vague in his recollection, but he assumed, giving himself the benefit of the doubt, that the payment was authorized. Mr. Fourcade's testimony on this central issue was not sufficient to meet plaintiff's burden. Furthermore, other evidence in the case tended to contradict Mr. Fourcade's recollection. Mr. Caridas testified, in a candid moment, that Mr. Dahl was unhappy when he learned that the payment had been made. Such a reaction was inconsistent with the assertion that he had authorized the payment."
Our review of the record does not disclose any manifest error in the foregoing findings of fact. Furthermore, we are satisfied that the trial judge was eminently correct in the application of the law to the facts as he found them. No interruption of prescription will result from a payment made by a third person without the authority of the debtor and the burden of proof *553 was on plaintiff to show that Fourcade had such authority. LSA-C.C. Art. 2997, Guaranty Bank & Trust Co. v. Heiderich, 163 La. 957, 113 So. 161 (1927), Smith v. Coon, 22 La.Ann. 445 (1870) and Brock v. Sharkey, 191 So. 137 (La.App.1st Cir. 1939). Plaintiff did not bear his burden of proof.
Accordingly, the judgment appealed from is affirmed.
Affirmed.