DUFRESNE, Judge.
Nicholas Caridas, plaintiff-appellant, brings this appeal from a judgment sustaining an exception of no cause of action in his legal malpractice suit against Harry Cabral, Jr., defendant-appellee. Appellant contends that his petition did on its face state a cause of action and therefore the exception of no cause of action should have been denied. We agree and reverse the dismissal of this suit and remand it for further proceedings.
The present case arose out of a prior lawsuit concerning the prescription of five years on a promissory note. The facts in question there were as follows. The promissory note was made in January, 1958, by Donald Dahl payable to bearer six months after date in the amount of some $14,000. Suit to collect on the note was filed on July 1, 1964, by Lucien Fourcade, an attorney representing the then holder of the note, Nicholas Caridas. For reasons which do not appear in the record here, service of the petition was not made on Dahl by Fourcade. In mid-February, 1968, almost four years after suit was filed, Caridas employed Cabral to pursue the matter, and the file was duly turned over to Cabral by Fourcade.
Service on Dahl was finally made on March 11, 1968. In answer thereto, Dahl claimed that no payment had been made on the note for over five years, and therefore that the note was unenforceable. Trial was finally set for February 6, 1974, almost 10 years after suit was filed.
Sometime before trial, Cabral had come to believe that Fourcade was dead, and therefore he did not attempt to contact him to discuss the particulars of payments made on the note which might have interrupted *460 prescription. On the morning of trial, however, Caridas informed Cabral that Four-cade was indeed still alive. Cabral contacted Fourcade by telephone, but could not secure the latter’s presence for trial on such short notice. On being informed of this situation, the trial judge determined that he would hear the case on that day, but would allow the matter to remain open until Four-cade could be brought in to testify.
The February 6th evidence and testimony indicated the following facts. Notations on the back of the note showed two pertinent payments: one on October 28,1958, and one on July 11, 1963. No payments had apparently been made between these dates. Dahl testified, however, that the July 11, 1963 payment was not authorized by him, but was rather made without his knowledge and against his wishes. The particulars of this claim were that in 1963, Fourcade was representing Dahl in an unrelated matter which resulted in a $2,000 recovery. As Fourcade was also then attempting to collect on the note for Caridas, he simply applied $1,000 of Dahl’s recovery to the note and sent that sum to Caridas without first consulting Dahl in the matter.
On February 12th, Fourcade appeared to testify and was questioned extensively about the July 11, 1963 payment. He confirmed that he had applied a part of Dahl’s recovery to the note. His further testimony was that he remembered nothing more specific about the transaction, but suggested that he thought it improbable that he would have made that payment without Dahl’s consent. He finally testified that his files on Dahl had either been returned to Dahl, or destroyed along with all of his pre-1965 files.
On the basis of this testimony, the trial court found that the 1963 payment was indeed unauthorized, that the July 1, 1964 filing date of the suit was more than five years after the next latest payment shown on the note of October 28, 1958, and therefore that the suit was barred by prescription. This decision was affirmed on appeal. Caridas v. Dahl, 311 So.2d 551 (La.App. 4th Cir.1975).
On April 15, 1976, Caridas filed a malpractice suit against Fourcade alleging, inter alia, negligence in allowing the note to prescribe before filing suit. This action is still pending in the district court.
On that same date, Caridas also filed the instant suit against Cabral. The original petition basically alleged that Cabral was negligent in not informing Caridas that he might have an action in malpractice against Fourcade on the bases of the latter’s failure to sue timely on the note, breach of fiduciary duty, and conflict of interest. Over four years later, in May, 1980, service of the suit was made on Cabral and the petition was then amended to allege negligence on the part of Cabral for failure to properly prepare the suit on the note for the February 1974 trial.
The apparent reason for this amended petition was that in a deposition of Four-cade taken on February 28, 1980 in the malpractice suit against him, he revealed for the first time documents which indicated that a payment on the note had been made in August, 1959. These documents were discovered in Fourcade’s file of one A.B. Caprara, holder of the note in 1959, and not in any file related to Caridas or Dahl. While we are not called upon to express an opinion as to whether these documents are sufficient to prove an August 1959 payment, if arguendo they do so prove, then had they been produced at the trial of the suit on the note, they would have shown a payment within five years of the filing of that suit in July, 1964, and the note would have been enforceable.
Based on the above reasoning, the amended petition particularly alleged that had Cabral contacted Fourcade before trial, or had he subpoenaed his records, the August, 1959 payment would have come to light and judgment on the note would have been in favor of Caridas.
In response to the amended petition, Cabral filed an exception of no cause of action, which was sustained by the trial court. However, Caridas was granted leave to amend the petition to state a cause of action. In his second amended petition, Cari- *461 das reurged all allegations of his prior petitions, and further alleged that the documents produced by Fourcade in regard to the 1959 payment were in the file turned over to Cabral when the latter took over the suit on the note, and that Cabral was negligent in not being aware of these documents before trial.
In response thereto, Cabral again filed an exception of no cause of action, and in the alternative prayed for summary judgment. The trial court sustained the exception of no cause of action, and dismissed the suit.
Caridas now appeals from this judgment on the grounds that his petition as amended did on its face state a cause of action. With this contention we agree.
LSA-C.C.P. Art. 931, provides in pertinent part that:
“No evidence may be introduced at any time to support or controvert the objection that a petition fails to state a cause of action.”
Moreover, the jurisprudence is clear that the facts alleged on the face of a petition and papers appended thereto are to be taken as true, and if these facts would entitle the party to redress as a matter of law, the exception of no cause of action must be denied. Rebman v. Reed, 286 So.2d 341 (La.1973); Pettus v. Atchafalaya Wildlife Protective Assn., 351 So.2d 790 (La.App. 1st Cir.1977).
Here, if it is accepted as true that Cabral had in his possession before the 1974 trial documents which clearly indicated an August 1959 payment and failed to take note of these documents before trial, then Caridas has stated an action in negligence against Cabral for failure to prepare for trial with the care, skill, and diligence which an attorney is obligated to exercise. Ramp v. St. Paul Fire and Marine Ins. Co., 263 La. 774, 269 So.2d 239 (1972).
In the District Court, the defendant-ap-pellee filed a motion for summary judgment, and from the record it appears the trial judge considered the motion, but did not rule on it. However, we are without authority to grant such a motion here on appeal.
For the foregoing reasons, the judgment sustaining the exception of no cause of action is reversed and the matter is remanded to the District Court for further proceedings in accordance with law.
REVERSED AND REMANDED.