BOWES, Judge,
dissenting with written reasons.
I can find nothing in the trial court’s comments, it’s reasons for judgment or the record, to indicate that the Court suspected Mr. Boudreaux’s credibility, as indicated by the majority. Therefore, I am of the opinion that the only testimony in the case, that of Boudreaux and his mother, clearly shows that the payment made on behalf of Boudreaux was done without his knowledge or authorization. I find absolutely no testimony or evidence to the contrary.
In my view, this case falls- squarely under Guaranty Bank and Trust v. Heidrich, 163 La. 957, 113 So.2d 161 (1927), which held that a payment without authorization is not an acknowledgment of the debt sufficient to interrupt prescription. La.C.C. Art. 2997 requires power to acknowledge debt (for another person) to be express and special. As I see it, the “tacit” awareness found by the majority is not enough. See also Amite Bank & Trust v. Field, 141 So. 493 (La.App. 1 Cir.1932); Gaillardanno v. Locascio, 166 So. 505 (C.A. Orleans 1936); Caridas v. Dahl, 311 So.2d 551 (La.App. 4 Cir.1975). The burden of proof to show authority to make such payment was undoubtedly on the plaintiff bank. Caridas, supra. In my opinion, the bank did not carry its burden of proof by a preponderance of the evidence.
Therefore, I would reverse the trial court, maintain the exception of prescription filed by the defendant, and dismiss plaintiff’s case as having prescribed.
For the foregoing reasons, I respectfully dissent.