LANDRY et al. *v.* McCALL.

Though an adjoining tract of land be subject to the servitude of receiving the waters running naturally from the estate above, the proprietor of the latter is not entitled to enter at pleasure on the contiguous tract, without the consent of its owner, whenever it may be necessary to remove any obstructions to the enjoyment of the servitude; nor can he widen the drain by which the waters are carried off; such an improvement, if necessary, can alone be made by the police jury, on making adequate compensation to the owner of the land subject to the usufruct, for the damage he may sustain thereby. The party entitled to the servitude must call upon the owner of the land which is subject to it to remove such obstructions, and may compel him by legal means to do so. Arts. 768, 770 of the Civil Code relate exclusively to conventional servitudes; natural servitudes are subject to different rules.

APPEAL from the District Court of Ascension, *Randall,* J. *Ilsley,* for the plaintiffs, cited Civil Code, arts. 651, 653, 656, 768, 770, 773. 12 La. 502. 13 La. 54. 14 La. 161. 19 La. 351. Duranton (Brus. ed.), vol. 3, pp. 56–7, nos. 164, 165. 3 Toullier, 374 (Paris ed.). Pailliet, (Brus. ed.) 210—212. *C. A. Johnson,* for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiffs allege that the natural drain of their plantations is a *bayou* which runs across the plantation of the defendant, situated below their own, and that he has wilfully and maliciously obstructed this *bayou,* to their great damage and injury. They pray that he be ordered and condemned to remove the obstructions within the limits of his plantation, and adjudged to pay damages. The defendant admits in his answer that his land is subject to the servitude of receiving the waters that flow naturally on, to, and through it, from the lands of the plaintiffs. He claims in reconvention damages, alleged to have been sustained in consequence of changes in the natural flow of the waters made by the plaintiffs.

On these issues, and the evidence adduced, the jury who tried the case returned the following verdict: " The jury is of opinion that the plaintiffs have the right of servitude to drain their lands through bayou McCall, and the right of cleaning the same when they think it necessary; and we do not award any damages to the plaintiffs, and condemn the defendant to pay the costs. We say that the defendant is not entitled to the damages he claims." The judgment rendered upon this verdict decides that the plaintiffs have the right of entering on the plantation of the defendant, whenever it may be necessary to clean the bayou and remove encumbrances. It perpetually enjoins the defendant from preventing the exercise of this right, and adjudges him to pay costs.

The defendant has appealed. His counsel does not insist upon the claim in reconvention, but insists that the only issue submitted to the jury besides the claim of damages, was, whether there were any obstructions in the *bayou*; and that as the jury have found this fact in favor of the defendant, and have decided that no damages have been sustained, the verdict should have been in his favor, leaving the abstract legal questions upon which the jury passed to be determined by the proper forum, whenever a decision upon them may become necessary.

We concur in this view of the rights of the defendant. The evidence shows that the obstructions complained of were a few trees, which had accidentally fallen across the *bayou*, when cut down for cord-wood by his slaves; that as soon as the state of the weather permitted, his overseer had them removed, and that they caused no injury to the plaintiffs. This surely shows no malice or ill-will; and we cannot recognize in the plaintiffs the vague and indefinite right, sanctioned by the judgment appealed from, to enter at pleasure his land, without his consent or knowledge. The part of the plantation upon which the servitude is exercised has not ceased to belong to him, and his rights as owner must be respected.

Whenever the exercise of the servitude is obstructed the plaintiffs must call upon him to remove the obstructions, and may compel him by legal process to do so. Had this course been pursued, it is evident that this litigation would have been prevented. Si la succession du temps, ou quelque accident imprévu avait comblé le lit des eaux, les propriétaires des fonds inférieurs pourraient être contraints d'en faire le curage chacun dans l'étendue de son domaine. Pardessus, Traité des Servitudes, p. 129, ed. 1822. The plaintiffs have not the right to widen the *bayou*, as the witnesses seem to believe. This improvement, if necessary, can alone be made by the police jury, upon an adequate compensation to the defendant for the damage he may sustain thereby. Arts. 768 and 770 of the Civil Code, upon which the plaintiffs' counsel relies, relate exclusively to conventional servitudes. Natural servitudes are laws of vicinage and necessity, subject to different rules. Pardessus, 53, 66.

It is therefore ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.