Sharpe et als. vs. Levert.

---

## No. 13,157.

ANDREW JACKSON SHARPE ET ALS. VS. AUGUST LEVERT..

SYLLABUS.

1. Though a tract of land be subject to the legal servitude of receiving the waters running naturally from another adjoining it, the proprietor of the latter is not entitled to enter, at pleasure, on the contiguous property without the consent of the owner and dig thereon a ditch to increase the drain.

2. A tresspass can not be justified, nor continued, upon the ground that it is beneficial to the person whose property is tresspassed upon. Even benefits can not be forced upon a person without his consent.

79

| | |
|---|---|
| 51 | 1249 |
| s52 | 599 |
| 52 | 600 |
| 52 | 601 |
| 51 | 1249 |
| 105 | 604 |
| 51 | 1249 |
| f118 | 1011 |

ON APPEAL from the Fourteenth Judicial District Court for the Parish of West Baton Rouge. *Talbot, J.*

*J. E. LeBlanc, Jr.,* for Plaintiffs and Appellees.

*Hebert & Hebert* for Defendant and Appellant.

Argued and submitted May 21, 1899.
Opinion handed down May 29, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J.   The plaintiffs after alleging themselves to be the owners of a certain described plantation in the parish of West Baton Rouge known as the "Chenango" plantation, averred that the fields thereof were drained through a coulee which, running about fifty-acres from the river on a line almost parallel thereto, through the width of the property, emptied its waters at almost the upper line of the defendant's plantation in a bayou known as Bayou Bourbeaux; that the coulee was the natural drainage of the Chenango plantation and had been recognized as such from time immemorial; that the defendant intended either to construct a dike across the coulee at the line between his and petitioner's plantation or plough through said coulee in the event said dike was not constructed, thereby very materially interfering with their drainage; that they feared he would carry out his expressed intention; that they had a growing crop on their plantation of considerable value, and unless the threatened acts were enjoined the defendant would suffer irreparable injury.    In support of their demand they pleaded the prescription of ten and thirty years.

The prayer of their petition was that a writ of injunction issue, enjoining defendant from intercepting or interfering in any way, manner or form, with petitioner's drainage through the said coulee; that defendant be cited, and after due proceedings there be judgment in their favor perpetuating their injunction and making it the judgment of the court with attorney's fees as damages.

Defendant moved to dissolve the injunction for the reasons first:

That the allegations of the petition and the affidavit thereto were false and fraudulent.

2nd.    That plaintiffs were trespassers on said property, wherein he

claimed a right of drainage, having invaded same with various employees and dug ditches and drains therein.

The court after trial of the motion to dissolve and hearing evidence, decided the motion in vacation under Act No. 72 of 1884. It dissolved the injunction which had issued; it recognized the coulee in question as a natural drain and reserved the right of the plaintiffs to institute such proceedings as might be necessary to prevent the defendant from stopping said drain as then existing, or to enforce such rights as they might have to said natural drain; it further under the provisions of the same act, granted an appeal to the parties from its judgment.

Defendant answered, pleading first, the general issue; he specially denied that plaintiffs ever had a right of drainage through or on his property in the manner and form which he sought to establish. He denied that the coulee was a natural drain. He averred that all the property belonging to that section of the country, starting from the plantation formerly belonging to Thomas Gourrier, on the right bank of the river Mississippi, in Iberville, about one mile above the town of Plaquemine up to and including the "Chenango" plantation of the plaintiffs', form a drainage district sanctioned by the State of Louisiana and the Police Juries of Iberville and West Baton Rouge parishes. He also averred that the plaintiffs fraudulently, tortiously and maliciously entered upon and invaded his property with divers employees, and as trespassers without his knowledge and consent and against his will, made and established in the bottom of a coulee there existing, a canal six and a half acres long, six feet wide, and ten inches deep, joining it to a canal used by him of very large dimensions on the upper of his St. Delphine plantation to meet that portion of a coulee which is deep and wide, and which afforded ample drainage to the whole of his property; that by the fraudulent, tortious and malicious acts of the plaintiffs, his property has been injuriously affected by a large accumulation of water on it, which never had a right to pass there and which nature never intended should pass there, that in making said canal plaintiff maliciously closed and filled up two canals on his property, one leading to and the other leading from the said coulee, all on his St. Mary plantation; that the said canal made by plaintiffs should be closed by the sheriff of the parish and the canals belonging to him (appearer) should be reopened and the conditions existing before plaintiffs wantonly, maliciously and il-

legally invaded his property should be re-established; that his rights in damages should be reserved; that the canal dug by plaintiffs affected his plantation to the extent of twenty-five hundred dollars.

In view of the premises, he prayed that there be judgment in his favor against plaintiffs, decreeing the coulee not to be a natural drain; condemning them to close the canal which they had made on his St. Mary plantation in the coulee aforesaid, and to open the two canals on said plantation belonging to him which they had closed, and to re-establish the premises in the same condition in which they were before they invaded and trespassed on his property; that the work of closing the canal and of opening the ditches be done by the sheriff of the parish and he be commanded to carry out the court's decree.

The District Court rendered on the trial of the merits identically the same judgment which it had rendered on the motion to dissolve the injunction, and defendant appealed. Plaintiff prayed for no amendment of the judgment. The proceedings in the lower court were very irregularly conducted, but as we are not disposed to raise objections not urged by the parties themselves and the whole case with its evidence is before us, we will dispose of the issues which they have elected to try.

The Chenango plantation of the plaintiff Sharpe has just above it two plantations, the St. Mary and the Delphine, belonging to the defendant Levert, and just below it, first the plantation of Gay, and next that of Lozano. These lands fall from the Mississippi river to the rear. At about forty-five acres from the river there is on all of them a low place or depression, referred to in the pleadings as a coulee, which starting at a point on the "Delphine" plantation of Levert (the upper plantation of the five named) runs diagonally forward towards the Mississippi river, to a point on the Lozano plantation.

It is about thirty or forty feet wide, and the surface waters from the front find their way naturally to it.

Behind this couleee or slough some five or six acres, is a Bayou known as Bayou Bourbeaux, with which this slough connects above, on the Delphine plantation and below on the Lozano plantation at the points referred to.

The waters from this slough fall into this Bayou Bourbeaux; the general natural fall of the slough or coulee (though small) being from the Lozano place below to the Delphine plantation of the Levert above.

The real drainage of all the places is ultimately Bayou Bourbeaux.

All the plantations have ditches from front to rear, crossing the slough and reaching Bayou Bourbeaux.

The controversy in this case between the Sharpes, owners of the Chenango plantation, on the one side, and Levert, owner of the St. Mary and the Delphine plantations, on the other, is in respect to drainage through this slough or coulee.

The Sharpes claim that the coulee is a substantial and important factor in the drainage of their property; that the fall of the surface waters in the slough, is across their place towards and over Levert's two places, through the coulee to Bayou Bourbeaux, and that Levert threatens to throw a dam or dike across the coulee or to plough across it and make it useless; while Levert claims that the coulee has an elevation on his St. Mary plantation which causes it to serve as a drain (above the Sharpe place) for only the St. Mary and Delphine plantations. That, though the coulee may serve partially as a drain for the Sharpe and the Gay and the Lozano plantations, it is because of a fall from Sharpe's upper line to the point of connection of the slough with Bayou Bourbeaux, below on the Lozano plantation. He maintains in other words, that the coulee drains in two different directions. He complains that Sharpe has by agreement with Gay, thrown a dam across the coulee on the line dividing their plantations, and at the same time has gone on to his St. Mary plantation without his knowledge or consent and dug a ditch in the centre of the coulee across the width of the St. Mary plantation, and through the elevation or ridge in the slough on that place, so as to make connection with a ditch which he, Levert, had himself dug on his own place, in the centre of this slough, from the point of elevation or ridge therein referred to, across the St. Mary and Delphine plantations, to the upper connection of the slough with Bayou Bourbeaux; that Sharpe was utterly without right or authority to have gone upon his land and dug this ditch, the effect of which was to illegally cause his property to serve as a drain for the Chenango plantation, and to increase the volume of water which could and would have passed over it under any possible circumstances. The Sharpes claim that the dam which they had thrown between their plantation and that of Gay is of advantage to the defendant, as otherwise the waters from the Gay and Lozano plantations would pass through the coulee over the Levert plantation. They further say that the ditch which they have dug

through the St. Mary plantation is of no special advantage to them.
and benefits Levert. An examination of the testimony leads us to
the conclusion that the District Court was not in error in holding that
the coulee referred to was a natural drain for the Chenango planta-
tion, and we approve and affirm the finding on that point. We think,
however, that it should have passed on defendant's reconventional de-
mand and granted him a part of the relief prayed for.

There was no warrant or justification for Sharpe's going upon Le-
vert's property and digging a ditch thereon through the coulee.
(Landry vs. McCall, 3rd Ann., 134.) He was guilty of a wrong and
trespass in so doing and can predicate no right upon it. Plaintiffs
say the ditch was of benefit to defendant, but a trespass cannot be
justified or continued on the ground of its being beneficial to the
party trespassed upon. Even benefits cannot be forced upon a person
without his consent. They should be ordered to fill up said ditch and
replace matters to the situation in which they were prior to the dig-
ging of the same.

For the reasons assigned it is ordered and decreed that the judg-
ment appealed from be amended and altered by decreeing plaintiffs-
(as they are now decreed and ordered) to close and fill up the ditch or
canal which they have made on defendant's St. Mary plantation and
to re-establish the property in the same condition in which it was
before said ditch or canal was made, that on their failure to do the
same, it shall be done by the sheriff of the parish of Iberville at
plaintiff's costs.

It is ordered that as so amended and altered the judgment appealed
from be and the same is affirmed, costs of appeal to be borne by plain-
tiffs and appellee.