Román Cepero, Plaintiff and Appellee, *v.* Manuel Mora, Defendant and Appellant.

No. 5014. Argued April 4, 1930.—Decided March 31, 1931.

*González Fagundo & González Jr.* for appellant.    *Angel M. Villamil* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Manuel Mora, a citizen of Barcelona, Spain, owns a house and land in Caguas.   Under a month-to-month tenancy which has run for over eight years, Román Cepero is the lessee of all the upper part of the house and a considerable part of the ground floor.   The property is used as a hostelry or boarding house.   Hearing of the ravages caused by the Cyclone of September 13th, 1928, Mora came to Caguas to look after his house.   He abated some of the rent and re-paired the gutter of the roof, did some painting and perhaps other things.   More particularly he put some glass windows (*vitrinas*) in the lower part of the house, one in the part occupied by Cepero and two in the part occupied by a Mr. Escoda.   To accomplish his proposed repairs the landlord made a number of changes and alterations.   At first the tenant consented or even requested some of the repairs, but afterwards he objected to the form and manner in which the landlord was proceeding and brought a writ of injunction under the acts of 1913 and 1917 to retain undisturbed the possession of the house.   The court decided in his favor.

We cannot agree with the appellant, the landlord, that a lessee of real property has merely the use or occupation of the same but has not the possession within the sense that the word is used in the interdicts.   We shall not stop to

analyze the citation from Manresa, Commentaries on the Civil Code, vol. 4, page 214, further than to say that it seems to us impossible that the very wise commentator, in speaking of a lessee, was referring to any other tenant than one against whom a judgment in unlawful detainer had been pronounced. While for many purposes the possession of the tenant is the possession of the landlord in any contest between them the lessee has an independent possession. It is more than evident that a lessee has the material possession of the property leased. The Act No. 11, of November 14, 1917, II Session Laws, p. 220, moreover protects by its terms not only possession but tenancy.

*Cividanes* v. *Oben,* 34 P.R.R. 767, is applicable to the case of a tenant against his landlord. Similarly this court held in *Fajardo Sugar Growers Association* v. *Central Pasto Viejo,* 41 P.R.R. 817, that a lessee deprived of possession may avail himself of an interdict. The writer dissented from that opinion but not on this ground.

The appellant says that all went well until the landlord tried to raise the rent, but the motives of the tenant make no difference if he had a right. Many a man will tolerate all acts of incursions or encroachments until a point is reached when they become intolerable. As a general rule it may be said that no estoppel then arises. On the other hand there was considerable evidence that the landlord made living in the hostelry uncomfortable for the boarders. Apparently he told them he wanted possession and similarly it seems one of the boarders moved away. We found nothing in the record necessarily wrong in the character of the boarders. One or more of them turned in about 4 o'clock in the morning, but the testimony tended to show that the business that called them was that of itinerant vendors. Naturally any reader of this opinion might ask what the character of the boarders has to do with the writ, but appellant attacks their credibility on some such ground.

The appellant complains of the decision of the court

because in its opinion the court did not specify the perturbations other than those caused by the insertions of the windows on the lower floor. Also that the court held that in this form of proceeding the respective rights of the parties could not be discussed.

We are inclined to agree with the appellant that in lease cases the rights of the parties may be discussed to a certain extent. This Court has gone no further than to hold, sometimes with dissents, that in a writ of injunction to recover possession matters of title could not be settled. Very readily the question of whether the landlord in a case like this had acquired the legal, actual and material possession of his own property might involve the discussion of some rights.

Now, it is true also that specifically the court only mentioned the installation of the glass doors on the lower floor as a real disturbance.. The court took a view of the premises and found that the repairs attempted to be made really interfered with the tenant. The court after mentioning this fact and the inability of discussing rights said that the plaintiff was disturbed in his possession.

This last statement might be considered as a sort of general finding. As we have indicated before there was evidence tending to show other disturbances. The fact that stands out was that the landlord continued in possession or quasi possession of the house over the objection of the tenant. The windows were not necessary to the conservation of the house. Even benefits cannot be forced upon a person against his will. *Sharpe* v. *Levert,* 51 La. Ann. 1249, 26 So. 100.

The lessor is entitled to make in the leased premises the urgent repairs which may not await the expiration of the lease, said repairs to be tolerated by the lessee, even though he may be deprived of a part of the property. If there be conflict between lessor and lessee with regard to whether the repairs are necessary or not and the lessee refuses to permit them, the intervention of the court is necessary.

On the whole, while the able counsel for appellant has caused us some doubts we are not convinced that the court was not justified in rendering judgment including the costs and the same should be affirmed.