Román Cepero, demandante y apelado, *v.* Manuel Mora, demandado y apelante.

No. 5014.—*Sometido:* Abril 4, 1930. *Resuelto:* Marzo 31, 1931.

*González Fagundo & González Jr.*, abogados del apelante; *Angel M. Villamil*, abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

██ Manuel Mora, ciudadano de Barcelona, España, es dueño de una casa y solar en Caguas. Bajo un contrato de arrendamiento mensual que renovándose de mes en mes se ha extendido por un período de ocho años, Román Cepero es el arrendatario de toda la planta alta de la casa, así como de una parte considerable del piso principal. La propiedad se usa para una casa de hospedaje. Teniendo conocimiento de los destrozos causados por el ciclón de septiembre 13, 1928, Mora vino a Caguas a ver su propiedad. Condonó una mensualidad, reparó el techo, hizo algún trabajo de pintura, y quizá otras cosas. Más particularmente, instaló algunas vitrinas en la parte inferior de la casa, una en la parte ocupada por Cepero y dos en la ocupada por un tal Escoda. Para realizar las reparaciones proyectadas, el arrendador hizo un número de cambios y alteraciones. Al principio, el arrendatario consintió o aun solicitó algunas de ellas, pero después se opuso a la forma y manera en que procedía el arrendador y entabló un procedimiento de *injunction* de acuerdo con las leyes de 1913 y 1917, para retener pacíficamente la posesión de la casa. La corte falló a su favor.

No podemos convenir con el apelante, el arrendador, en que un arrendatario de bienes inmuebles meramente tiene el uso o la ocupación de los mismos, mas no la posesión, dentro del significado en que se usa esa palabra en los interdictos. No nos detendremos a analizar la cita de Manresa, Comentarios al Código Civil, tomo 4, página 214, salvo para decir que nos parece imposible que el ilustre comentarista, al hablar de un arrendatario se haya estado refiriendo a cual-

quier otro arrendatario que aquél contra quien se dicte una sentencia de desahucio. Si bien para muchos fines la posesión de un arrendatario es la del arrendador, en cualquier contienda entre ellos el arrendatario tiene una posesión independiente. Es más que evidente que un arrendatario tiene la posesión material de la propiedad arrendada. La Ley No. 11, de noviembre 14, 1917, tomo II de las leyes de ese año, página 221, protege además, por su propia fraseología, no sólo la posesión, sino también la tenencia.

*Cividanes* v. *Obén,* 34 D.P.R. 802, es aplicable al caso de un inquilino contra su arrendador. De igual modo, esta corte resolvió en *Fajardo Sugar Growers Association* v. *Central Pasto Viejo,* con fecha 13 de febrero de 1931, que un arrendatario privado de su posesión puede valerse de un interdicto. El que suscribe disintió de esa opinión, pero no por este fundamento.

El apelante dice que todo marchó bien hasta que el arrendador trató de aumentar el canon, pero no importa cuáles hayan sido los motivos de un arrendatario si tuvo un derecho. Muchos hombres tolerarán todos los actos de invasión o intrusión hasta que se llegue a un punto en que se hacen intolerables. Por regla general podría decirse que no surge entonces impedimento alguno. Por otra parte, hubo considerable prueba de que el arrendador hacía que la permanencia en la casa fuera incómoda para los huéspedes. Aparentemente, él les manifestó que deseaba la posesión de la casa, e igualmente, parece que uno de los huéspedes se mudó. Nada hallamos en los autos que demuestre que fuera necesariamente malo el carácter de los huéspedes. Uno o más de ellos venían a dormir a la casa a las cuatro de la mañana, pero la prueba tendió a demostrar que eran vendedores ambulantes. Naturalmente, cualquier persona que lea esta opinión podría preguntar qué tiene que ver el carácter de los huéspedes con este recurso, pero el apelante ataca su credibilidad por semejante fundamento.

El apelante se queja de la decisión de la corte, por no especificar en su opinión otras perturbaciones que las causadas por la inserción de las vitrinas en el piso inferior. También se queja de que la corte resolviera que en esta forma de procedimiento no podían discutirse los derechos respectivos de las partes.

Nos inclinamos a convenir con el apelante en que en casos de arrendamiento los derechos de las partes pueden discutirse hasta cierto punto. Este tribunal no ha ido más lejos que resolver, a veces con disentimientos, que en un recurso de *injunction* para recobrar la posesión no podían dirimirse cuestiones de título. Muy fácilmente, la cuestión de si un arrendador en un caso como el presente ejercita la posesión legal, efectiva y material de su propiedad, podría envolver la discusión de algunos derechos.

Ahora bien, es también cierto que la corte específicamente sólo mencionó la instalación de las vitrinas en el piso inferior como una verdadera perturbación. La corte hizo una inspección ocular del sitio, y halló que las reparaciones que se trataban de hacer realmente perturbaban al inquilino. La corte, después de mencionar este hecho y la inhabilidad de discutir los derechos, dijo que el demandante había sido perturbado en su posesión. Esta última aseveración podría ser considerada como una especie de conclusión general. Según hemos indicado anteriormente, hubo prueba tendente a demostrar otras perturbaciones. El hecho resaltante fué que el arrendador continuó en la posesión o casi posesión de la casa con la oposición del arrendatario. Las vitrinas no eran necesarias para la conservación de la casa. Ni siquiera puede obligarse a una persona a recibir beneficios contra su voluntad. 51 La. Ann. 1249, 26 So. 100.

El arrendador tiene el derecho de hacer en la finca arrendada las reparaciones urgentes que no puedan diferirse hasta la conclusión del arriendo, las que deben ser toleradas por el arrendatario, aunque se vea privado de parte de la finca.

Si hay choque entre arrendador y arrendatario acerca de la calidad necesaria de esas obras, o el arrendatario se niega a tolerarlas, la intervención de la corte se hace precisa.

En resumen, aunque el hábil letrado del apelante nos ha provocado algunas dudas, no estamos convencidos de que la corte no estuviera justificada al dictar sentencia con costas, y *la misma debe ser confirmada.*