220 So.2d 134 (1969)
Lawrence E. JOHNSON, Plaintiff-Appellee,
v.
Charles P. WILLS, Defendant-Appellant.
No. 2613.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
Rehearing Denied April 2, 1969.
Writ Refused June 9, 1969.
Hugh E. Brunson, Crowley, for defendant-appellant.
Aaron & Aaron, by J. Donald Aaron, Sr., Crowley, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
*135 SAVOY, Judge.
In this suit plaintiff alleges he is the owner of a certain tract of land adjoining the property of defendant; that his tract naturally and by means of a wide and deep ditch situated upon the adjacent land of the defendant, drained across the property of defendant; that defendant filled the ditch, thereby obstructing the drainage of plaintiff's land; that said property belonging to plaintiff drained across defendant's land for a period in excess of thirty years. Plaintiff prayed for a mandatory injunction ordering defendant to remove the dirt from said ditch, and that he or his employees be enjoined from in any manner obstructing the natural drainage of plaintiff's land.
Defendant answered, admitting the filling in of the ditch and his refusal to remove said obstruction. All other allegations were denied.
After a trial on the merits, judgment was rendered in favor of plaintiff and against defendant as prayed for. Defendant appealed. After the appeal, plaintiff died, and his heirs were substituted as parties plaintiff.
In brief and in oral argument counsel for defendant contends that the judgment of the district court was erroneous and should be reversed for the reason that the land of plaintiff adjoins that of defendant, plaintiff's being to the south of defendant's land; whereas the natural drainage of plaintiff's property is from east to west.
The evidence reveals that the lands of the parties to this litigation adjoin each other. Plaintiff's property is to the south of defendant's. The natural drainage of plaintiff's property is east to west for some distance, then the drainage is from south to north into an east-west canal and then into the drainage ditch filled in by defendant, and thence to Bayou Wikoff. The trial judge inspected the premises, and he came to the same conclusion that we have as to the direction of the drainage of water from plaintiff's property. The record also shows that the drainage over defendant's land has been continuous for a period of more than ten years prior to the institution of the instant suit.
Counsel for defendant contends that the drainage ditch in question was abandoned less than ten years prior to the filing of this suit, and that by virtue of LSA-R.S. 48:224 when the Louisiana Department of Highways abandoned the drainage ditch, any right which the public, including plaintiff, may have had in the ditch ceased.
We do not believe the above-quoted statute is applicable to the problem herein, but rather that the articles of the Civil Code dealing with servitudes govern.
According to well-established civilian doctrine, the natural servitude of drainage established in Article 660 of the Louisiana Civil Code of 1870, corresponding to Article 640 of the Napoleonic Code, may be altered, modified, or suppressed by prescription. Prescription commences to run from the day structures, ditches, or works cause changes in the natural flow of the waters. Cf. LSA-C.C. Articles 765, 790 (1870).
Moreover, the owners of the estate situated below may acquire by acquisitive prescription a conventional servitude of drainage over the estate situated above. This apparent and continuous servitude is acquired by the prescription of ten years. LSA-C.C. Article 765; Wild v. LeBlanc, 191 So.2d 146 (La.App. 3 Cir. 1966); and Acadia-Vermilion Rice Irrigating Company v. Broussard, 175 So.2d 856 (La.App. 3 Cir. 1965).
The Code nowhere requires that the works establishing an apparent and continuous servitude be erected by the owner of the dominant estate. They may be erected by anyone, on the dominant, the servient, or even a third estate. In this case, the drainage ditch that allegedly altered *136 the natural flow of the waters was constructed by the Department of Highways rather than by the owner of the land situated above or the owner of the land situated below. This fact is immaterial insofar as the acquisition of the servitude by prescription is concerned. Plaintiff might have demanded that the original natural servitude of drainage remain undisturbed. But, he did nothing, and prescriptive rights accrued.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.