351 So.2d 522 (1977)
Irving THIBODEAUX, Plaintiff-Appellant,
v.
Ernest LANDRY et al., Defendants-Appellees.
No. 6159.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
*523 Privat & Regan by Kenneth O. Privat, Crowley, for plaintiff-appellant.
Pugh, Buatt, Landry & Pugh by Lawrence G. Pugh, Jr., Crowley, for defendants-appellees.
Before DOMENGEAUX, WATSON and FORET, JJ.
DOMENGEAUX, Judge.
Plaintiff, Irving Thibodeaux, sued Ernest Landry and Landry's tenants, Emery and Randy Thibodeaux, to enjoin him from disturbing him in the possession of his property, and for damages associated with the alleged disturbance. The trial judge granted a temporary restraining order, but on hearing the motion for a preliminary injunction he denied that injunction. However, he reserved to plaintiff his action for certain enumerated damages. Plaintiff has appealed the denial of the preliminary injunction and the limitations imposed on his damages by the trial judge. Defendants have answered the appeal, praying for damages and attorney's fees. We affirm in part, reverse in part, and remand.
Plaintiff is the owner of a tract of land which adjoins defendant Landry's land on Landry's southern border. Both tracts are used for the cultivation of rice. A fence divides their property. Directly south of the fence on plaintiff's property lies a drainage ditch, which parallels plaintiff's large irrigation canal. The drainage ditch was over-grown with weeds and saplings. On November 1, 1976, defendants tore down plaintiff's fence, went onto his property, and "cleaned" out the drainage ditch with a backhoe. Dirt and debris which was removed from the ditch was placed on plaintiff's property. New culverts were installed to facilitate the draining of water from defendant's land onto plaintiff's property. After the temporary restraining order issued, plaintiff removed some of the culverts.
The trial judge found that defendants had a natural servitude of drain across the drainage ditch. Civil Code Article 660 states:
"It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.
The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water.
The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome."
The trial court held defendants were entitled to go onto plaintiff's property to do maintenance work on the ditch, but that plaintiff nevertheless had an action for damages for the destruction of his fence and was entitled to have the dirt and trash removed from his property.
Plaintiff cites the following errors on the part of the district judge:
(1) His failure to issue a preliminary injunction.
(2) His finding that a servitude of drainage existed.
(3) His failure to find that defendants have made the alleged servitude more burdensome.
(4) His failure to list trespass as an element of plaintiff's damages.
(5) His assessment of one-half of the court costs against the plaintiff.
Defendants maintain in brief that there exists a natural servitude of drain under Civil Code Article 660, supra, or that they have acquired a conventional servitude of drain by ten-year acquisitive prescription as *524 provided by Civil Code Articles 714 and 765.[1]
The trial judge's holding that the ditch in question was a natural servitude of drain was not erroneous. However, he did err in finding defendants were entitled to enter at will upon plaintiff's property to clean out the ditch. Our Supreme Court was last faced with this issue in Sharpe v. Levert, 51 La.Ann. 1249, 26 So. 100 (1899). The Court there stated that the proprietor of the dominant estate may not enter the servient estate at his pleasure for the purposes of digging a ditch without the consent of the owner.[2]
Defendants cite the case of Miller v. Prairie Canal Company, Inc., 229 So.2d 752 (La.App. 3rd Cir. 1969) for the proposition that they are entitled to go onto plaintiff's land to work on the ditch. The court in Miller stated:
"In the present case, defendant owns a canal servitude across plaintiff's land and implicit in any servitude is the right to use it for the purposes for which it is intended. Equally implicit in this right is that its exercise does not depend upon the consent of the landowner. If defendant is required to obtain permission to go upon plaintiff's land this would of necessity imply that plaintiff has the right to refuse permission and that, in itself, would negate the `right' of servitude. LSA-C.C. Art. 772 is controlling, to-wit:
`Art. 772. He to whom a servitude is due, has a right to make all the works necessary to use and preserve the same.' See also LSA-CC Art. 774."
The trial judge incorrectly cited the Miller opinion, a case which pertains to conventional servitudes of drain, as controlling in this case, which involves a natural servitude of drain. We agree with the venerable case of Landry v. McCall, 3 La.Ann. 134 (1848), which held as follows:
"Whenever the exercise of the servitude is obstructed the plaintiffs must call upon him to remove the obstructions and may compel him by legal process to do so. Had this course been pursued, it is evident that this litigation would have been prevented.
The plaintiffs have not the right to widen the bayous, as the witnesses seem to believe. This improvement, if necessary, can alone be made by the police jury, upon an adequate compensation to the defendant for the damage he may sustain thereby. Arts. 768 and 770 [now Arts. 772 and 774] of the Civil Code, upon which the plaintiffs' counsel relies, relate exclusively to conventional servitudes. Natural servitudes are laws of vicinage and necessity, subject to different rules. Pardessus, 53, 66. . . ."
Although it is arguable that the rules which govern voluntary and conventional servitudes of drain apply by analogy to the natural servitude of drain, see Yiannopoulis, Predial Servitudes, 29 La.L.Rev. 1, at 45, (1969), we believe that the natural servitude of drain is unique and is not affected by those rules. The essential nature of a natural servitude of drain is its existence without the act of man. We do not believe the redactors of the Code contemplated *525 extensive maintenance work to be done in order for a natural drainage to occur.
This is not to say that defendants are prevented from altering their own property to facilitate the natural drain. Freestate Industrial Development Company v. T. & H., Inc., 209 So.2d 568 (La.App. 2nd Cir. 1968), as long as they do not make the servitude more burdensome on plaintiff. But without conclusive proof that the defendants have acquired a servitude of drain by prescription, or convention, they are not entitled to enter onto plaintiff's property. See Sharpe, supra.
As the Landry case suggests and the case of Brown v. Blankenship, 28 So.2d 496 (La.App. 2nd Cir. 1946) holds, plaintiffs may be compelled by court order to clean out the ditch. We feel this course of action would be preferable to giving defendants complete freedom to enter plaintiff's property and to alter it without any restrictions.
Defendants are not precluded from making out proof of a conventional servitude of drain acquired by prescription provided there is proper basis in the pleadings. Nor is plaintiff precluded from proving it has acquired by prescription the contrary servitude under Articles 714 and 765. See Johnson v. Wills, 220 So.2d 134 (La.App. 3rd Cir. 1969).
We stress that this is an appeal from a denial of a preliminary injunction. Plaintiff need only prove a prima facie case to receive that relief. Moorhead v. State, Department of Highways, 322 So.2d 330 (La.App. 2nd Cir. 1975). We feel that plaintiff has put on sufficient evidence to show that the drainage of water from defendant's property into the drainage ditch cannot occur at the rate which it is now flowing without acts of man, i. e., the installation of culverts and digging. Plaintiff has also shown prima facie that the defendant's actions have made the drain more burdensome, by directing a greater flow of water onto his property which is eroding his irrigation canal. His testimony and the testimony of his surveyor is to that effect. On the other hand, defendants have not proved at this juncture that they have more than a natural servitude of drain; therefore they are not entitled to install culverts on plaintiff's property or to enlarge the ditch.
For the above reasons we feel that plaintiff is entitled to a preliminary injunction ordering defendants to refrain from trespassing on his property and disturbing his land. Also, in addition to the preservation by the trial court of plaintiff's rights to enumerated damages, plaintiff's rights to damages for trespass must also be preserved. The opportunity is reserved to defendants to prove at the hearing for a permanent injunction and for damages that, if it is properly pleaded, they are entitled to a conventional or prescriptive servitude of drain. It is also reserved to plaintiff, if properly pleaded, to prove he has acquired the contrary servitude (C.C. 714) and to prove all damages including trespass.
For the above and foregoing reasons, it is ordered that a preliminary injunction issue herein, upon plaintiff's furnishing bond in the amount of $2,000.00, as provided for by C.C.P. 3610, directed to defendants Ernest Landry, Randy Thibodeaux, and Emery Thibodeaux, restraining, enjoining and prohibiting them from in any manner using or interfering with plaintiff's property or removing fences, digging, erecting, or maintaining drainage structures and facilities over, across and through the above described property, and further, from directing the flow of water over the following described property:
"That certain tract or parcel of land containing 183.03 acres and being situated in the southwest quarter and the west half of the southeast quarter of Section 59, Township Ten (10) South, Range Two (2) West, Acadia Parish, Louisiana, and more fully described as beginning at the southwest corner of Section 59 and running thence N 0° 7½' W 2,640.2 feet; thence N 89° 27' E 3,995.5 feet, along an existing fence line; thence S 0° 05' E 1,768.0 feet along the east line of the west half of the southeast quarter of Section 59; thence S 89° 37' W 1,338.7 feet; thence S 0° 05' E *526 884.00 feet; thence S 89° 37' W 1,584.2 feet along the south line of Section 59; thence N 0° 07½' W, 1,306.6 feet; thence S 89° 49' W 1,006.0 feet; thence S 0° 7½' E, 1,292.0 feet; thence S 89° 37' W 65.0 feet to the point of beginning; SAVE AND EXCEPT a strip of land 40 feet in width running parallel with the west line of Section 59 and adjoining the east right of way limit of the public road and extending from the south line to the north line of the southwest quarter of Section 59, said strip belonging to Lovic C. DesOrmeaux and being used as a canal right of way, all as is shown in that certain plat of survey made for Philip L. DesOrmeaux by Frank R. Lyman, Land Surveyor, dated June 4, 1974, a copy of which is attached hereto and made a part hereof.
and especially, but not limited to, the ditch approximately four feet wide and six feet deep, beginning at the western boundary of petitioner's property, to a drainage canal approximately 2,600 feet away to the east.
This preliminary injunction is to be effective pending further proceedings in regard to the hearing for permanent injunction and damages to which plaintiff may be entitled. This case is hereby remanded for further proceedings not inconsistent with the aforegoing opinion.
The costs at trial and on appeal are assessed against defendants, Ernest Landry, Emery Thibodeaux, and Randy Thibodeaux. The costs of all further trial proceedings will be assessed at the time of the final determination of this cause and according to the tenor of the final determination.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Civil Code Articles 714 and 765 are as follows:

Art. 714. The right of drain consists in the servitude of passing water collected in pipes or canals through the estate of one's neighbor.
This servitude is different from the right of drip, because the charge it imposes is more onerous.
It is much less inconvenient to receive the rain which falls than a body of water which may carry away the land by its violence.
The contrary servitude is the right of preventing this passage of water.
Art. 765. Continuous and apparent servitudes may be acquired by title, or by a possession of ten years. The public, represented by the various parishes in this State, may also in like manner acquire a servitude by the open and public possession and use of a road for the space of ten years, after the said road or servitude has been declared a public highway by the Police Jury, provided that such servitude so acquired shall not extend beyond the width of forty feet.
[2] Compare La.R.S. 33:1236(13) authorizing police juries to perform all work necessary in order to clear natural drains.