387 So.2d 645 (1980)
PARISH OF EAST BATON ROUGE
v.
Autry J. POURCIAU.
No. 13493.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*646 Walter G. Monsour, Jr., Parish Atty., Baton Rouge, for plaintiff-appellant Parish of East Baton Rouge.
Roger M. Fritchie, Baton Rouge, for plaintiffs-appellants Albert W. Metz and Michael W. Smith.
Kenneth R. Williams, Baker, for defendant-appellee Autry J. Pourciau.
Before COVINGTON, LOTTINGER and PONDER, JJ.
COVINGTON, Judge.
On December 4, 1979, the plaintiffs, Parish of East Baton Rouge, Abbott W. Metz and Michael W. Smith, appealed the judgment rendered and signed on November 8, 1979, by the District Court in favor of the defendant, Autry J. Pourciau, denying the plaintiffs' request for a permanent injunction and rejecting their demands at their costs. We affirm.
The defendant is the owner of a 15-acre tract of land on the easterly side of Sutter Road, situated in East Baton Rouge Parish, Louisiana. The Pourciau tract is unimproved land with some pecan trees, and was purchased by him in October of 1976 for residential purposes. Near the center of the frontage line of this tract was a ditch about four feet wide extending a length of 300 feet toward the rear of the property, *647 and connecting with a culvert beneath Sutter Road in the easterly road ditch. (There is also a road ditch on the west side of Sutter Road.) Surface water and sewage (septic effluent) are channeled through the culvert into the ditch onto the defendant's property. Plaintiffs, Metz and Smith, have residences across Sutter Road from defendant Pourciau. The Metz and Smith properties are slightly higher than the Pourciau tract. Thus the defendant's tract is servient to the plaintiffs'. The channeling of the area's waters and sewage onto Mr. Pourciau's land rendered it unsuitable for him to construct a residence on the property. Several attempts, without success, were made to alleviate the situation. In November of 1978, the defendant completely filled up the man-made ditch on his property, which caused a flooding condition in the area. On December 1, 1978, the Parish obtained a temporary restraining order and sought a preliminary injunction. The defendant filed dilatory and peremptory exceptions. Then, an amended petition was filed, bringing in the individual plaintiffs as residents affected by the flooding conditions, with all of the plaintiffs asserting a servitude of natural drainage.
When the matter came on for hearing on the preliminary injunction, the trial court granted the defendant's motion for a directed verdict. It was entered after the plaintiffs had presented their case, and dismissed their rule and denied the preliminary injunction. The judgment was rendered July 20, 1979, and signed on July 26, 1979. Subsequently, the trial court signed a judgment on November 8, 1979, decreeing that the plaintiffs' request for a permanent injunction be denied based on the stipulation of counsel that the testimony presented by the plaintiffs and all issues at the hearing for the preliminary injunction would be the same on the hearing for a permanent injunction. It is this judgment from which the plaintiffs have appealed.
The evidence is incontrovertible that the ditch which is entirely on the Pourciau tract is "man-made," and this is conceded by the plaintiffs-appellants. Their position is that the servient estate of Pourciau has been altered by his filling in the "man-made" ditch, which has adversely affected the natural flow of waters from the dominant estates of both Metz and Smith, and, further, has adversely affected the parish road.
The plaintiffs' claim for injunctive relief, to reopen the ditch on defendant's lands, is based on the servitude of natural drainage articles of the Civil Code, LSA-C.C. arts. 655 and 656.[1]
The codal articles relied upon by the plaintiffs give them only a servitude of natural drainage. The jurisprudence relating to natural drainage establishes the following rules:
The servient estate owes a duty to the dominant estate to receive the surface waters naturally flowing from the dominant estate upon the servient estate. The owner of the servient estate can do no act which would impede the natural flow of waters from the dominant estate upon his lands. The owner of the dominant estate may alter his own property to facilitate the natural drain and may make all drainage works which are necessary to the proper development of his estate. To that end, he may ditch his lands consistent with the natural flow of surface waters, even though the incidental effect of such ditching may increase the rapidity of the flow when it reaches the servient estate. But, the owner of the dominant estate can do no act which would tend to throw upon the servient estate *648 the burden of receiving waters which would not otherwise drain upon it. In other words, he is not allowed to ditch his lands or do other drainage works by which the waters running on his lands will be diverted from their natural flow and concentrated so as to flow on the servient estate at a point which would not be their natural destination, thus increasing the volume of water which would have naturally flowed over the servient estate. For, to do this would render the natural servitude of drainage more burdensome. See Nicholson v. Holloway Planting Company, 255 La. 1, 229 So.2d 679 (1969); Ludeling v. Stubbs, 34 La.Ann. 935 (1882); Thibodeaux v. Landry, 351 So.2d 522 (La.App. 3 Cir. 1977); Freestate Industrial Development Company v. T. & H. Inc., 209 So.2d 568 (La.App. 2 Cir. 1968), writ refused, 252 La. 172, 173, 210 So.2d 54 (1968).
The record of this case establishes that works were done which diverted the surface waters from their natural flow and concentrated them so as to flow on the servient estate, the Pourciau tract, at a point which would not be their natural destination. Most, if not all, of the surface waters on tracts of land lying west of Sutter Road were channeled by means of a road culvert and a man-made ditch onto the defendant's land, thus increasing the volume of water which would have naturally flowed over the Pourciau tract. See Nicholson v. Holloway Planting Company, supra.
At the trial of the preliminary injunction, the evidence showed that Sutter Road ran in a north-south direction and that the defendant's 15-acre tract fronted 495 feet on that road and ran about 1,300 feet deep (in an easterly direction away from the road) and that there was a 300-foot ditch running toward the rear of Mr. Pourciau's property. The evidence also showed that there were two relatively narrow drainage ditches on each side of Sutter Road in the vicinity of the properties involved in this case. Additionally, a culvert had been installed under the roadbed in the area where the properties at issue abutted Sutter Road on each side. This channeled the water and sewage, and had the effect of increasing the volume of water on the Pourciau property.
Mr. Pourciau and Mr. William Addison, the Assistant Director of Public Works and a civil engineer, testified that the ditch, which is the focal point of this litigation was in fact "man-made." The evidence showed that Mr. Pourciau partially or completely filled in the ditch three times. The first two times the ditch was only filled at a point near Sutter Road. After he received complaints from residents of the area, Mr. Pourciau dug out the ditch again to accommodate those residents, but he indicated to the parties that something would have to be worked out to prevent flooding of water and sewage on his lands. When nothing was worked out to alleviate the flooding on his property, the defendant filled the ditch once more, but only partially (near the road). However, the filling was washed out by heavy rain shortly thereafter. At that time, more discussions took place between Mr. Pourciau and the neighboring landowners, but no agreement was reached between them and the Department of Public Works (East Baton Rouge Parish) as to how to alleviate the flooding condition. After nothing was accomplished in that regard, the defendant completely filled in the ditch. This precipitated the injunctive proceedings.
The case of Thibodeaux v. Landry, supra, illustrates that in order to do what was done in the instant case, digging ditches and installing culverts, the owners of the dominant estates must acquire a conventional servitude of drain from the servient owner; the servitude of natural drainage does not permit the dominant estate to make the drain more burdensome by directing a greater volume of water onto the servient estate.
The plaintiffs-appellants suggest that Cole v. Mott, 351 So.2d 1326 (La.App. 2 Cir. 1977), supports their position that they can require Mr. Pourciau to dig out again a man-made ditch on his property which he has filled in. A careful reading of Cole shows that it is factually dissimilar in that *649 in Cole the servient estate owner constructed levees on his land which actually prevented the natural flow of the surface waters from the dominant estate. That case did not involve the situation where the dominant estate owners rendered the servitude more burdensome. The case of Boxill v. Metrailer, 358 So.2d 986 (La.App. 1 Cir. 1978), is also factually distinguishable. The owner of the servient estate constructed works which impeded the natural flow of water from the dominant estate, causing the water to pond on the dominant estate property to a significant degree and to render former usable areas unusable. It did not involve acts of the dominant estate owner which make the servitude more burdensome.
For the foregoing reasons we affirm the judgment of the District Court at the appellants' costs.
AFFIRMED.
NOTES
[1] Controlling the issues herein are Articles 655 and 656 of the Louisiana Civil Code (Act No. 514 of 1977), formerly Article 660 of the 1870 Code.

Article 655 reads:
An estate situated below is bound to receive the surface waters that flow naturally from an estate situated above unless an act of man has created the flow.
Article 656 reads:
The owner of the servient estate may not do anything to prevent the flow of the water. The owner of the dominant estate may not do anything to render the servitude more burdensome.